IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

J.C. TURNER, DONNA TURNER, and
IDOLINA RODRIGUEZ,

      Plaintiffs,

      vs.                                                                 No. CIV 02-221 LH/KBM

TEXACO, INC., TEXACO EXPLORATION
AND PRODUCTION, INC., ME-TEX OIL
& GAS CO., INC., F/K/A MARTINDALE
PETROLEUM CORPORATION, and
ENERQUEST RESOURCES, L.L.C.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiffs' Motion to Remand (Docket No. 7), filed March 27, 2002. The Court, having considered the pleadings submitted by the parties and otherwise being fully advised, finds that Plaintiffs' motion is **well-taken** and should be **granted.**

Plaintiffs filed this lawsuit in state court for damages related to Defendants' alleged involvement in the environmental contamination of oil fields some years ago. Two of the Defendants are Texaco, Inc. and Texaco Exploration and Production, Inc. (hereinafter jointly referred to as "Texaco"). Texaco removed the case to this Court under 28 U.S.C. §§1334(b) and 1452(a). Plaintiffs seek mandatory abstention and remand under 28 U.S.C. §1334(c)(2) or, in the alternative, equitable remand under 28 U.S.C. §1452(b).

Texaco filed a voluntary petition under Chapter 11 of the Bankruptcy Code in 1987 in the Southern District of New York. The Bankruptcy Court confirmed Texaco's reorganization plan in

its confirmation order in 1988. According to Texaco, the confirmation order discharged Texaco forever of any and all claims and liabilities arising before the date of the entry of the confirmation order, whether or not a proof of claim was filed and whether or not the holder of such a claim accepted the plan of reorganization. Plaintiffs seek damages for environmental contamination of land where Texaco conducted oilfield operations up to 1969, after which time Texaco claims to have transferred all of its interests in the leases in question to other parties. Texaco avers, indirectly, that the environmental contamination, if Texaco were indeed responsible for it, should have been discovered well before the confirmation order was entered in 1988, and any claim now brought should be barred by that order.

In its Motion to Remand, Plaintiff asserts that this Court must abstain from hearing this case under 28 U.S.C. §1334(c)(2) because this case "relates to," but does not "arise under" Title 11 or arise under a case under Title 11. Section §1334(c)(2) reads:

> Upon timely motion of a party in a proceeding based on a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

Plaintiffs cite to *Bethesda Boys Ranch v. Atlantic Richfield Co.*, 208 B.R. 980 (N.D. Okla. 1997), which arose in an almost identical factual and procedural setting. In *Bethesda Boys Ranch*, the plaintiffs had brought an action for environmental pollution in state court based purely on state law. Texaco, who was a defendant in that case as well, removed the case to the United States District Court for the Northern District of Oklahoma under 28 U.S.C. §1452(a) and 28 U.S.C. §1334(b).

Plaintiffs then moved to remand, asserting, *inter alia*, that abstention was mandatory under §1334(c)(2).

The *Bethesda Boys Ranch* court agreed with the plaintiffs, finding that the case involved state law claims that "related to" a bankruptcy proceeding within the meaning of §1334(c)(2), but were not "core proceedings" arising under Title 11, as that term is defined in 28 U.S.C. §157(b)(2)(I). *Id*. at 983. Additionally, the court found that the action could not have been brought in federal court absent jurisdiction under §1334. *Id*. at 984. As a result, §1334(c)(2) applied, and that statute mandated the district court to abstain from hearing the case.[1]

Defendants respond that this Court should follow decisions that have held that when a court must determine whether a confirmation order serves as a bar to a plaintiff's claim, that case is a "core proceeding," as that term is defined in 28 U.S.C. §157. Texaco argues that the proceeding, therefore, "arises under" Title 11, that §1334(c)(2) does not apply, and that the Court need not abstain.

Primarily, Texaco cites to *Texaco Inc. v. Sanders (In re Texaco Inc.)*, 182 B.R. 937, 944 (Bankr. S.D.N.Y. 1995), wherein Texaco moved the Bankruptcy Court in the Southern District of New York to reopen the discharged bankruptcy case, which is the same as that involved in this case, in order to determine whether the confirmation order barred the plaintiffs' claims in state court. The *Sanders* court held that the reopening of the bankruptcy case for the enforcement and interpretation of its *own* confirmation order was a core proceeding over which it had jurisdiction. However, the *Sanders* court only addressed whether the enforcement and interpretation of the confirmation order was a core proceeding within the context of reopening of the bankruptcy case, not whether a case

---

[1] The *Bethesda Boys Ranch* court also found that the case should be remanded under 28 U.S.C. §1452 for equitable reasons.

based on state law, under which the confirmation order bar is a potential defense, would be a core proceeding for the purpose of determining remand.

This Court adopts the reasoning of the *Bethesda Boys Ranch* court and finds that Plaintiffs' case "relates to" a case under Title 11, that is, Texaco's bankruptcy case, but it does not "arise under" Title 11 or "arise in" a case under Title 11.[2] The Court additionally finds that this case could not have been brought originally under any jurisdictional statute other than §1334 because there was no arguable basis for a federal question jurisdiction and the parties lack complete diversity. Therefore, 28 U.S.C. §1334(c)(2) mandates that this Court abstain from hearing this case, and it should be remanded to the state court in which it was originally filed.[3]

**IT IS, THEREFORE, ORDERED** that Plaintiffs' Motion to Remand is **granted,** and this case is **remanded** to the First Judicial District of New Mexico for further adjudication.

_____
**UNITED STATES DISTRICT JUDGE**

---

[2] This is particularly true because Texaco has not moved to reopen the bankruptcy proceedings in the Southern District of New York. Moreover, Texaco equivocates about whether it will seek assert the defense that the confirmation order bars Plaintiffs' claims. (Brief of Texaco in Opposition to Plaintiffs' Motion to Remand at 4 ("Texaco is not currently pressing the discharge or seeking to bar plaintiffs' claims based on the Confirmation Order. Rather, Texaco is invoking the statutory right to federal jurisdiction so that the discharge issue may be litigated in federal court if and when Texaco chooses to assert it."). This further calls into question Texaco's assertion that this case arises under Title 11 or arises under a case under Title 11.

[3] Should Texaco claim that the confirmation order bars plaintiffs' suit, the state court can competently rule on that defense:

> A state court has the authority and responsibility to enforce the provisions of a final judgment entered by the United States Bankruptcy Court. The judgment is entitled to full faith and credit recognition by any court, whether state or federal. In the event the state court would take any action which Texaco believes violates the Confirmation Order, Texaco can promptly petition for injunctive relief with the Bankruptcy Court for the Southern District of New York.

*Bethesda Boys Ranch*, 208 B.R. at 983-84.